UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATE OF FLORIDA,

    Plaintiff,

v.                            Case No. 8:14-cv-3086-T-33TGW

ANGELA M. WIDEMAN,

    Defendant.
_____/

**ORDER**

This matter comes before the Court *sua sponte*. On December 11, 2014, Angela M. Wideman (Wideman), appearing *pro se*, removed this action from the Twelfth Judicial Circuit, in and for Sarasota County, Florida. (See Doc. # 1). Upon review of the record, the Court determines that it lacks subject matter jurisdiction over this action.

**Discussion**

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985); Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale, 922 F.2d 756, 759 (11th Cir. 1991) (stating "every federal court operates under an independent

obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based").

Moreover, federal courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Upon review of the record, the Court reaches the inescapable conclusion that this Court lacks subject matter jurisdiction over this action.

As an initial matter, the Court notes that Wideman failed to provide the Court with the operative complaint in this action. Therefore, the Court's jurisdictional inquiry is limited to the Notice of Removal. (See Doc. # 1). To that end, the Notice of Removal contains a minimal amount of information, making it difficult for this Court to decipher the claims being asserted in this action. Furthermore, the Notice of Removal is devoid of a jurisdictional statement setting forth how, if at all, this Court has jurisdiction

2

over this matter. Given Wideman's *pro se* status, however, the Court will address whether it has subject matter jurisdiction over this action, pursuant to 28 U.S.C. §§ 1331 or 1332.

The Notice of Removal does not specifically reference a constitutional amendment or federal statute, and even if it did, a mere reference to federal law is not enough to establish federal question jurisdiction. A case "arises under" federal law where federal law creates the cause of action or where a substantial disputed issue of federal law is a necessary element of a state law claim. See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 9-10 (1991). The Court has no obligation to hypothesize a federal claim, even considering Wideman's *pro se* status. See Gibbs v. United States, 865 F. Supp. 2d 1127, 1151 (M.D. Fla. 2012) ("The leniency afforded to *pro se* pleadings does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.")(internal quotation omitted). Therefore, this Court finds that it lacks subject matter jurisdiction under 28 U.S.C. § 1331.

Furthermore, the Court determines that Wideman has failed to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332. In order to sufficiently allege diversity

jurisdiction, Wideman must demonstrate complete diversity of citizenship and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. To demonstrate complete diversity, Wideman must establish that her citizenship is diverse from the citizenship of the State of Florida. As explained in Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011), "citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person." In addition, Wideman must establish that the amount in controversy exceeds $75,000.

Upon review of the Notice or Removal, Wideman has failed to definitively establish diversity jurisdiction as Wideman has not properly alleged the citizenship of all the individual parties in this action. Furthermore, the Court finds that Wideman has not established that the amount in controversy exceeds $75,000. Thus, diversity jurisdiction does not exist.

Having determined that the Court lacks subject matter jurisdiction under either 28 U.S.C. §§ 1331 or 1332, the Court dismisses this case.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

4

(1) The case is dismissed for lack of subject matter jurisdiction.

(2) The Clerk is directed to terminate any pending motions and thereafter **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 15th day of December, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All parties of record